USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

A.J.,

                                        Plaintiff,

           - against -

THE CITY OF NEW YORK; ABC NYC agency now known as ADMINISTRATION FOR CHILDREN SERVICES; ACS LOCATION f/k/a "CAMILLA'S HOUSE", JOHN AND JANE DOES 1-10,

                                        Defendants.

**PROTECTIVE ORDER**

21-CV-4482 (AT)(OTW)

------------------------------------------------------------------------ x

        **WHEREAS** Plaintiff and the City of New York (collectively, the "Parties") anticipate that, during the course of discovery, records will be sought and produced that may be deemed confidential under federal, state, and local laws and regulations, as well as by policy and practice of the New York City Administration for Children's Services (ACS) and/or the New York State Office of Children and Family Services, or that is non-public and/or confidential, proprietary, personal, or sensitive in nature; and

        **WHEREAS** the Parties wish to produce and use the above-described materials for purposes of this Action while at the same time preserving confidentiality to the greatest extent possible;

        **IT IS HEREBY ORDERED** that materials produced in discovery or otherwise obtained in this Action shall be governed by the following conditions:

        1. As used herein, "Confidential Material" shall mean (a) any individually identifying information regarding any person currently or previously in the care and custody of ACS or the New York City Department of Juvenile Justice for the purpose of secure or non-

1

secure detention ("Protected Persons"), or regarding the family members of Protected Persons; (b) the identify of any victim of a sex offense, N.Y. Civil Rights Law § 50-b; (c) any medical, mental health, or substance abuse information; (d) all reports made, any information obtained, reports written, or photographs taken concerning reports of child abuse or neglect, and findings reported to the Statewide Central Register of Child Abuse and Maltreatment, the Vulnerable Persons Central Register, and/or the New York State Justice Center, except for aggregate information that does not contain individually identifiable information, N.Y. Social Services Law § 422; 18 N.Y.C.R.R. § 432.7; (e) any documents in the personnel files of any present or former employee of the City of New York; (f) any documents, including electronically-stored information and email communications, containing personal information of any present or former employee of the City of New York; and (g) information which if disclosed would likely endanger any individual person's life or safety, N.Y. Pub. Off. Law § 87, or otherwise cause the individual person harm or embarrassment.

    2. The designation of Confidential Material shall be made by placing or affixing, at the header or footer, of all pages of the material, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or words to that effect, or by identifying the Bates numbers of the materials being designated as confidential in writing when producing the materials. A party may designate information as Confidential Material subsequent to disclosure by notifying the other party or the parties in writing, and that information shall be treated as if it had been so designated prior to disclosure. The inadvertent disclosure of any Confidential Material shall not be construed to be a waiver, in whole or in part, of any party's claims of confidentiality, either as to the specific Confidential Material inadvertently disclosed or as to other related information.

3. Any Party may object to the designation of information as Confidential Material by notifying all Parties' counsel in writing at any time during the litigation. The Parties will first try to resolve any confidentiality disputes in good faith on an informal basis; however, if a resolution is not reached, any Party may seek appropriate relief from the Court. Until the Court issues an order resolving any such dispute, the Parties shall treat the disputed documents as Confidential Material.

4. This Order governs the subsequent disclosure and use of Confidential Material provided during the course of the Action, by the Parties to the Action or by any entity that is not named a Party to the Action ("nonparty" or "nonparties"), either voluntarily or as required by requests for discovery made pursuant to the Federal Rules of Civil Procedure (including any subpoenas) or by order of the Court. However, this Order shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, the work product of their co-counsel, or the work product of any experts, consultants, or other advisors employed or retained by the Parties or their respective counsel created in anticipation of or in connection with the Action.

5. Plaintiff and his attorneys shall not use the Confidential Material for any purpose other than for the preparation or presentation of his case in this action. All copies shall be maintained within the possession and control of the Parties' counsel of record. Any summary or copy of the Confidential Material shall be subject to the terms of this Order. Except as further provided in this Order, the Parties and their counsel shall not in any way, directly or indirectly, publish or disseminate any Confidential Material without the written permission of the producing party or pursuant to an Order of the Court. The prohibitions in this paragraph include, but are not limited to, any acts to post Confidential Material on a website, any actions to disseminate

Confidential Material via social media, any acts to provide Confidential Material to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the Confidential Material. Portions of affidavits, deposition transcripts, expert reports, briefs, and other court filings summarizing or excerpting portions of Confidential Material shall be equally protected from dissemination or disclosure.

6. The Parties and their attorneys shall not disclose the Confidential Material to any person except under the following conditions:

   a. Disclosure before trial may be made only to plaintiff, to the defendants and their employees, to an expert who has been retained or specially employed by plaintiff's or defendants' attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   b. Before any disclosure is made to a person listed in subparagraph (a) above (other than to the Court), the disclosing party's attorneys shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by the disclosing party's attorneys and a copy shall be furnished to all other parties' attorneys upon request.

c. Disclosure may be made to any member of the staff of the Parties' attorneys' law office to whom such disclosure is reasonably necessary to the preparation or presentation or defense of this action.

7. Deposition testimony concerning any Confidential Material that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Material within the meaning of this Stipulation and Protective Order.

8. **If any paper that incorporates any Confidential Material or reveals the contents of Confidential Information is filed with the Court, the party submitting those papers shall seek the Court's permission to file those papers or portions of papers under seal in accordance with the rules of the United States District Court for the Southern District of New York and the individual rules of the judge to whom the papers are directed.**

9. Following the conclusion of all phases of this litigation, including all appeals, all persons who possessed any Confidential Material shall return the materials to the producing party's attorney and shall verify their return by affidavit furnished to the producing parties' attorney. Upon written request by the producing parties' attorney, the receiving party's attorney shall return to the producing party's attorney all Confidential Material, including all copies, notes, and other materials containing or referring to information derived therefrom. Confidential Material may be destroyed rather than returned, and the destruction of same shall be verified by affidavit furnished to the producing parties' attorney. Written request(s) for the return or destruction of Confidential Material must be made by the producing parties' attorney within 90 days after the conclusion of all phases of this litigation, including any appeals.

10. Notwithstanding the provisions of paragraph "8", the receiving party's attorney may retain in their files one copy of all deposition transcripts subject to paragraph "6" herein and one final copy of all papers filed with the Court that contain or refer to Confidential Material, which would otherwise be subject to the terms of paragraph "8". Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order."

11. Nothing in this Stipulation and Protective Order shall be construed to limit Defendant the City of New York or its agencies' use of the Confidential Material in the ordinary course of their business.

12. Nothing in this Protective Order shall be construed to limit or eliminate the applicability of the redaction requirements set forth in Federal Rule of Civil Procedure 5.2.

13. This Protective Order shall be without prejudice to the right of any Party to oppose disclosure of any information or document on any and all grounds, including but not limited to the ground that any information or document is not relevant to any claim or defense in this action. This Protective Order also shall not in any way affect the applicability of the attorney-client communication privilege or the work product doctrine, or of any other privilege or doctrine that would exempt any document from disclosure pursuant to federal, state, or local law or regulation.

14. Any Party has the right to petition the Court to make information public or to provide the petitioning party with access to materials or information that has been redacted, subject to the requirements of Paragraph 3 that the Parties must first attempt to resolve any such dispute informally prior to seeking judicial intervention, and any disputed documents shall be treated as Confidential Material until the Court issues an order resolving the dispute.

Dated:     New York, New York
           August 10, 2021

PAWAR LAW GROUP, P.C.
Attorneys for Plaintiff
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805
vikrantpawaresq@gmail.com

s/ (with consent)
_____
Vikrant Pawar

GEORGIA M. PESTANA
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street
New York, New York 10007
(212) 356-0893
ckruk@law.nyc.gov

_____ 8/10/21
Carolyn Kruk
Assistant Corporation Counsel

SO ORDERED.

Dated: August 10, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge

## **EXHIBIT A**

      The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the Southern District of New York on _____, 2021 in the action entitled *A.J. v. City of New York et al.*, 21-CV-4482 (AT)(OTW), and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein for any purpose other than in connection with the litigation of this case, and will not further disclose the Confidential Material except in testimony taken in this case.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Print Name |
| | _____ |
| | Occupation |